## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

### MDL No. 381.

United States District Court,
E. D. New York.

Sept. 14, 1981.

See also, 506 F.Supp. and 91 F.R.D. 618.

**GEORGE C. PRATT, District Judge.**

By motions submitted September 2, 1981 the parties move for the following relief:

(1) Two plaintiffs move for permission to have their *in extremis* depositions taken;

(2) Defendant Thompson-Hayward Chemical Company moves for permission to amend the summons and complaint in all of these actions to reflect its new corporate name; and

(3) One group of plaintiffs moves for permission to file an amended complaint. .

In addition, another group of plaintiffs moves for summary judgment on the government contract defense by motion returnable September 16, 1981. The court on its own motion has accelerated the return date of this motion.

The motions are disposed of as follows:

*Motions for In Extremis Depositions.*

Plaintiffs Argelio Curbelo, Jr. and Paul Vaccaro move for permission to have their *in extremis* depositions taken on September 28th and 29th, respectively. Only plaintiff Vaccaro's application is accompanied by the necessary medical affidavits describing his condition. The court has previously denied motions for *in extremis* depositions that are not accompanied by the necessary medical explanation of why an immediate deposition is required.

Accordingly, the motion to take the deposition of plaintiff Vaccaro on September 29, 1981 is granted; plaintiff Curbelo's motion is denied, without prejudice to renewal on a proper showing.

*Motion to Amend Caption.*

The defendant formerly known as Thompson-Haywood Chemical Company moves for permission to amend the caption and pleadings in these actions to reflect its new corporate name, T H Agriculture & Nutrition Company, Inc. By affidavit, the president of the newly named company explains that a corporate reorganization has resulted in the change of name. No party opposes the motion.

Defendant's motion to amend the summons and complaint in all of the actions filed under MDL 381 is granted. Defendant's name shall appear as "T H Agriculture & Nutrition Company, Inc., formerly known as Thompson-Haywood Chemical Company". All of the pleadings in all actions are deemed amended to reflect this change.

*Motion to Amend Complaints.*

Plaintiffs in six actions seek to amend their complaints to add additional plaintiffs and defendants, delete certain other defendants, and to correct misstatements concerning yet other defendants. At least two defendants, Hooker Chemicals & Plastic Corp., and The Ansul Company, oppose the motion, in part for reasons previously argued in their motions to dismiss or for summary judgment, which are now *sub judice*.

These plaintiffs' motions to amend their complaints are premature. The court has not yet set forth the procedure to be followed by plaintiffs seeking to opt out of the class, nor has the court ruled on the pending motions by some of these corporations that plaintiffs seek to add as defendant in these actions. For these reasons the court concludes that the motion to amend the complaints must be denied at present, without prejudice to renewal at a later stage in these proceedings.

*Motion for Summary Judgment.*

■ Some plaintiffs move for summary judgment on the government contract defense, alternatively contending that the defense does not apply to the facts at bar and should be dismissed as a matter of law, or, if it applies, that the undisputed facts entitle plaintiffs to an order striking the defense.

Plaintiffs' argument that the government contract defense is inapplicable is in many respects a reargument of this court's previous ruling in pretrial order no. 26, at 61–73. While the parameters of the defense may now be uncertain, the court adheres to its previous view:

> a government contract defense exists and has possible application to the facts at bar. Plaintiffs are correct, however, to the extent that they argue the presence of fact issues which preclude summary judgment since any application of the government contract defense in this context will require that defendants prove that their relationship with the government and performance under the government contract was essentially as they describe it. Pretrial order no. 26 at 70–71.

The court is now in the process of studying the submissions of the parties and the relevant authorities to determine the appropriate contours of the government contract defense. While the court is not yet prepared to set forth its views on the elements of the defense, the court is prepared to reject plaintiffs' view that the defense is precluded as a matter of law to the facts at bar.

To the extent plaintiffs assert that "the defendants cannot sustain a government contract defense; they cannot establish the ten (10) necessary elements of the defense", plaintiffs' memorandum at 13, the court concludes that plaintiffs' argument cannot succeed for several reasons. Plaintiffs' view of the necessary elements is not controlling on the court, nor are the 17 exhibits annexed to the memorandum the only evidence of the relationship between the government and the corporate defendants, even assuming that the documents support plaintiffs' view of the facts. Until further order, the court will not consider any motion for summary judgment by either party unless and until each side agrees that it has had an opportunity for discovery on all issues relevant to the motion.

For these reasons, the motion for summary judgment is denied, and the court will not require defendants to file opposition papers to the motion.

SO ORDERED.